UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| A.V., by and through Paradise B.,[1] | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:21-cv-02979-JPH-TAB ) |
| KILOLO KIJAKAZI, Acting Social Security Commissioner, | ) ) ) |
| Defendant. | ) ) |

**ENTRY REVIEWING THE COMMISSIONER'S DECISION**

Paradise B., on behalf of her son, A.V., seeks judicial review of the Social Security Administration's decision denying his petition for Supplemental Security Income. She argues that his case should be remanded to consider new evidence. Dkts. 1, 8. For the reasons that follow, the decision is **AFFIRMED**.

**I.
Facts and Background**

A.V. was seven years old at the alleged onset date of his disability. Dkt. 6-2 at 12–13. Through his mother, Paradise B., he applied for Supplemental Security Income in November 2019, claiming disabilities of ADHD, impulsive behavior, and OCD. *Id.* at 12; dkt. 6-7 at 3, 21. A.V.'s application was initially

---

[1] To protect the privacy interests of claimants for Social Security benefits, and consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first names and last initials of non-governmental parties in its Social Security judicial review opinions. Names of minors are also abbreviated to their initials. *See* Fed. R. Civ. P. 5.2(a)(3).

1

denied on January 23, 2020, and on reconsideration on February 26, 2020. Dkt. 6-2 at 12. The Administrative Law Judge held a hearing, dkt. 6-3, and, on August 3, 2021, issued a decision denying A.V.'s claims, dkt. 6-2 at 9–21. The appeals council denied review, *id.* at 2–5, and, in December 2021, Paradise B. brought this action on behalf of A.V., asking the Court to review the denial of benefits under 42 U.S.C. § 405(g). Dkt. 1.

In her decision, the ALJ followed the three-step sequential evaluation set forth by the SSA in 20 C.F.R. § 416.924 and concluded that A.V. was not disabled. Dkt. 6-2 at 18. Specifically, the ALJ found as follows:

- On November 19, 2019, the application date, and throughout the period at issue, A.V. was considered a "school age child." *Id.* at 13.

- At Step One, he had not engaged in substantial gainful activity since the application date. *Id.*

- At Step Two, A.V. had "the following severe impairments: attention deficit hyperactivity disorder (ADHD); anxiety disorder; and oppositional defiant disorder." *Id.*

- At Step Three, he did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. *Id.*

- Continuing at Step Three, A.V. did not have an impairment or combination of impairments that functionally equaled the severity of one of the listed impairments. *Id.*

## II.
## Applicable Law

"Disabled children are entitled to benefits from the Social Security Administration." *McCavitt v. Kijakazi*, 6 F.4th 692, 693 (7th Cir. 2021); 42

U.S.C. § 1382c(a)(3)(C). The Social Security Administration employs a three-step analysis to determine if a minor claimant is disabled:

> (1) whether the claimant is engaged in work that qualifies as substantial gainful activity; if he is, he is not disabled regardless of his medical condition, age, education, or work experience; if he is not, the evaluation proceeds to the next step;
>
> (2) whether the claimant has a medically determinable severe impairment or combination of impairments; if he does not, he is not disabled; if he does, the evaluation continues; and
>
> (3) whether the claimant has an impairment meeting the twelve-month durational requirement that meets, medically equals, or functionally equals the severity of a listed impairment; if not, he is not disabled; if so, he is disabled.

20 C.F.R. § 416.924(a)–(d); *Murphy v. Astrue*, 496 F.3d 630, 633 (7th Cir. 2007).

As a part of the third step—*i.e.*, whether a child's impairment functionally equals a listing—the SSA determines whether the claimant has an extreme limitation in one of the following domains or a marked limitation in two of the following domains:

> (1) acquiring and using information;
> (2) attending and completing tasks;
> (3) interacting and relating with others;
> (4) moving about and manipulating objects;
> (5) caring for yourself; and
> (6) health and physical well-being.

20 C.F.R. § 416.926a(a), (b)(1); *Giles ex rel. Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007).

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Stephens v. Berryhill*, 888

F.3d 323, 327 (7th Cir. 2018). "[S]ubstantial evidence" is "evidence that 'a reasonable mind might accept as adequate to support a conclusion.'" *Zoch v. Saul*, 981 F.3d 597, 601 (7th Cir. 2020) (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019)).

Section 405(g) of the Act gives the Court the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Additionally, any "document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III.
### Analysis

Construed liberally, Paradise B.'s claim is that A.V.'s case should be remanded for the ALJ to consider certain new records—specifically, A.V.'s Individualized Education Program (IEP)[2] and "testing and evaluations with his doctor and school" that were taking place "during his application process." Dkt. 1 at 3; dkt. 8 at 1. She also claims that A.V. "should receive his disability" as "basic life skills are hard for [him] to complete without constant reminders and guidance." Dkt. 8 at 1. The Commissioner did not address the first argument about new evidence but maintains that the ALJ's decision is supported by substantial evidence. *See* dkt. 10.

---

[2] An IEP is a "written statement" detailing what is "uniquely 'appropriate' for each child's education," and is "developed through the joint participation of the local education agency, the teacher, and the parents." *See Hjortness ex rel. Hjortness v. Neenah Joint Sch. Dist.*, 507 F.3d 1060, 1064 (7th Cir. 2007); 20 U.S.C. § 1401(14).

A court may order a remand to receive additional evidence "upon a showing that there exists 'new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.'" *Schmidt v. Barnhart*, 395 F.3d 737, 741–42 (7th Cir. 2005) (quoting 42 U.S.C. § 405(g) (sixth sentence)). A remand is necessary under these circumstances because courts may only consider evidence that was before the ALJ in reviewing her decision. *See, e.g.*, *Rice v. Barnhart*, 384 F.3d 363, 366 n.2 (7th Cir. 2004).

"Evidence is 'new' if it was not in existence or available to the claimant at the time of the administrative proceeding." *Id.* Here, A.V.'s administrative proceeding started when his mother applied for his benefits in November 2019, *see* dkt. 6-6 at 2, and ended with the appeals council's denial on November 4, 2021, *see* dkt. 6-2 at 2. A.V. received his IEP on February 12, 2021, so it was available during his administrative proceeding. *See* dkt. 8 at 1. Indeed, it was obtained while the ALJ held the record open for additional evidence prior to issuing her ruling. *See* dkt. 6-2 at 16; dkt. 6-3 at 38, 41. Plaintiff therefore could have submitted the IEP to the ALJ when she received it, *see* dkt. 6-5 at 33–34 (discussing procedure for submitting evidence after ALJ hearing but before decision), but the record does not reflect that she did so. *See* dkts. 6-2 through 6-8. Thus, the IEP is not "new." *Schmidt*, 395 F.3d at 741–42.

Plaintiff also mentions that A.V. underwent "testing and evaluations with his doctor and school" while his disability case was pending. Dkt. 1 at 3. She has not explained whether this is related to the IEP. Regardless, she has not

5

submitted this evidence here or argued that any such records related to testing and evaluation are "new" and "material," or that there was "good cause" for her not incorporating them into the record. *See* 42 U.S.C. § 402(g) (sixth sentence). She has therefore not shown that a remand to take additional evidence on this basis is proper. *See id.*; *see also Robertson v. Saul*, No. 19-CV-281, 2020 WL 635581, at *8 (E.D. Wis. Feb. 10, 2020) (denying a sentence-six remand when new records were "all are dated prior to the Appeals Council's decision" and the plaintiff did "not attempt[] to argue that these records are material or that good cause existed for not incorporating them earlier").[3]

In sum, Plaintiff requests that A.V. "should receive his disability" as "basic life skills are hard for [him] to complete without constant reminders and guidance." Dkt. 8 at 1. But there's no new evidence to support a remand and Plaintiff does not identify any particular error in the ALJ's written determination. *See id.*; dkt. 10 at 10. For example, she does not argue that there was anything in the record that the ALJ failed to consider, *see, e.g.*, *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009), nor does she contend that the ALJ failed to create a "logical bridge" between the evidence and her conclusion, *see, e.g.*, *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020). Instead,

---

[3] On March 13, 2023, Plaintiff submitted "update[d] evidence" for this case. Dkt. 11. This new evidence is an IEP for A.V. that is dated March 8, 2023, and is effective for a year following that date. *See id.* at 2. But this IEP "speak[s] only to [A.V.]'s current condition, not to his condition at the time his application was under consideration by the Social Security Administration." *Kapusta v. Sullivan*, 900 F.2d 94, 97 (7th Cir. 1989). Therefore, the Court does not consider this evidence. "If [A.V.] has developed additional impairments since his first application for benefits, [his mother] may file a new application [for him]." *Id.*

6

the record establishes that ALJ carefully considered the submitted evidence and reasonably concluded that A.V. was not disabled at Step Three, as he did not have any marked or extreme limitations in any of the six functional domains.  *See* dkt. 6-2 at 14.  This conclusion was based on the testimony of A.V.'s mother, school records, and the opinions of two state-agency psychologists.  *Id.* at 15–17.  Substantial evidence thus exists for the ALJ's decision.  *See Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018).

## IV.
## Conclusion

The Court **AFFIRMS** the ALJ's decision denying A.V. benefits.  Final judgment will issue by separate entry.

**SO ORDERED.**

Date: 3/17/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

PARADISE B.
2512 Redland Lane
Indianapolis, IN 46217

All Electronically Registered Counsel